UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CIRCLE CITY BROADCASTING I, LLC, | ) | |
| NATIONAL ASSOCIATION OF BLACK | ) | |
| OWNED BROADCASTERS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:20-cv-00750-TWP-TAB |
| | ) | |
| DISH NETWORK, LLC, | ) | |
| Defendant. | ) | |

**ORDER ON DISCOVERY DISPUTES**

Parties appeared by counsel August 25, 2020, for a telephonic status conference to address several discovery disputes in this case alleging Defendant DISH engaged in racial discrimination contracting with Plaintiff Circle City.  The Court heard argument and requested brief submissions from the parties.  The Court now rules as set forth below.

The first dispute involves Plaintiffs'  Request For Production Nos. 1 and 2, which seek (1) the retransmission contract between DISH and Nexstar that governed the stations until Circle City bought them, and (2) the retransmission contract between DISH and Nexstar for "any other station in Indianapolis" during the same time.  Defendant objects on the ground that these requests are neither relevant nor proportional, arguing that Circle City cannot discover these contacts because Circle City and Nexstar are not similarly situated.

Being "similarly situated" means being "identical or directly comparable in all material respects." *LaBella Winnetka, Inc. v. Vill. of Winnetka,* 628 F.3d 937, 942 (7th Cir. 2010) (comparator "must be very similar indeed"; affirming dismissal given dissimilarity).  A material respect here is bargaining leverage.  Circle City owns two local stations that are unaffiliated with a major network.  Nexstar, in contrast, is one of the largest broadcasters of all time.  It owns nearly 200 stations, including affiliates of all major networks, such as ABC, CBS, NBC, and

Fox.  The Court agrees that Circle City and Nexstar are not similarly situated, and therefore Defendant's objection is sustained.

The next dispute involves Request Nos. 12 and 13, which seek all documents regarding, respectively, (1) a DISH 2015 "media campaign" concerning Bayou City Broadcasting, and (2) DISH's 2015 retransmission negotiations with that broadcaster.  Again, Defendant objects based on proportionality.  Bayou City Broadcasting has the same owner as Circle City, DuJuan McCoy.  McCoy's ownership of both companies and DISH's role in both matters are the common threads that make this information relevant to the current case.  Courts have established that behavior toward or comments directed at other employees in the protected group is one type of circumstantial evidence that can support an inference of discrimination.  "The Supreme Court has also held that this type of 'me too' evidence can be relevant to a discrimination claim."  Id. (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 128 S. Ct. 1140, 1147, 170 L.Ed.2d 1 (2008)).  The Bayou City Broadcasting issue is more than just "behavior or comments directed at other employees in the protected group."  The Court agrees with Circle City that it is evidence of DISH's earlier interactions with the same person in the protected group—McCoy. This information is relevant and must be produced.  Defendant's objections are overruled.

The parties' final dispute involves Request No. 14, which seeks "all retransmission and programming contracts of all multicultural, minority owned or operated companies with DISH." Again, Defendant objects based on relevance and proportionality.  The Court finds this request is extremely far reaching, and agrees with Defendant that this request amounts to little more than an inappropriate fishing expedition through confidential relationships.  Defendant's objections are sustained.

Date:  9/2/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

2

All ECF-registered counsel of record via email.