UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, <br> NATIONAL ASSOCIATION OF BLACK OWNED BROADCASTERS, <br>     Plaintiffs, <br>   v. <br> DISH NETWORK, LLC, <br>     Defendant. | No. 1:20-cv-00750-TWP-TAB |

**ENTRY ON PLAINTIFFS' OBJECTION TO ORDER ON DISCOVERY DISPUTES**

  This matter is before the Court on an Objection to Order on Discovery Disputes filed pursuant to Rule 72(a) by Plaintiff Circle City Broadcasting I, LLC ("Circle City") (Filing No. 43). Plaintiffs Circle City and National Association of Black Owned Broadcasters ("NABOB") initiated this action against Defendant DISH Network LLC ("DISH") under 42 U.S.C. § 1981, alleging that DISH refused to "contract in a non-discriminatory manner with" Circle City (Filing No. 19). Following a dispute over discovery, the Magistrate Judge issued an order sustaining in part and overruling in part DISH's objections (*see* Filing No. 41).

  Pertinent here, the order sustained DISH's objection to the production of contracts between DISH and Circle City's predecessor Nexstar Media Group ("Nexstar") after determining that Circle City—which "owns two local stations that are unaffiliated with a major network"—and Nexstar—"one of the largest broadcasters of all time"—were not "similarly situated." *Id.* at 1–2. Circle City then objected to the order, arguing primarily that "[t]he question at issue is not whether Nexstar is big and Circle City is small, but whether, with all other things being the same, would Circle City have received different treatment if it were not minority-owned." (Filing No. 43 at 4.) For the

following reasons, the Court **sustains** Plaintiffs' Objection to the Magistrate Judge's Order on Discovery Disputes.

## I. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs discovery, stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Evidence is relevant if it has any tendency to make the existence of a fact of consequence to the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Factors bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A party may seek an order compelling discovery when another party fails to respond to discovery requests. Fed. R. Civ. P. 37(a). The party objecting to the discovery request bears the burden of showing that the request is improper. *Deere v. Am. Water Works. Co.*, 306 F.R.D. 208, 215 (S.D. Ind. 2015).

A pretrial, non-dispositive matter, such as a discovery motion, may be referred to a magistrate judge for decision. The parties may file objections to a magistrate judge's order. If objections are filed, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## II. DISCUSSION

Circle City objects to the portion of the discovery order sustaining DISH's objection to the production of "(1) the retransmission contract between DISH and Nexstar that governed the

stations until Circle City bought them, and (2) the retransmission contract between DISH and Nexstar for 'any other station in Indianapolis' during the same time." (Filing No. 41 at 1.) DISH successfully objected to the requests because the contracts were "neither relevant nor proportional" and "because Circle City and Nexstar are not similarly situated." *Id.* at 1–2.

Circle City contends, however, that the contract between DISH and Nexstar for the stations it bought establishes the "standard against which DISH's treatment of Circle City should be measured" and "the market price for the various station properties in Indianapolis." (Filing No. 43 at 3, 6.) Because "parties may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" under Rule 26(b)(1), Circle City maintains that it should be permitted to obtain the requested Nexstar agreements when the relative size of the companies is of no matter since "Nextstar [also] operated [the relevant stations] without an affiliation with one of the Big 4 networks." *Id.* at 2–4. Moreover, "without the Nexstar-DISH contract, the Court, Circle City, and ultimately the jury have no ability to test" DISH's contention that "the value with Nexstar derived from Nexstar's ability to deliver other stations." *Id.* at 4. Simply put, to determine "whether DISH's disparate treatment of Circle City was based on race discrimination or something else, it must first see the contract DISH had with Nexstar." *Id.* Moreover, "the similarly situated comparator construct is tied to the indirect proof method [of proving discrimination]; 'the direct method of proof imposes no such constraints.'" *Id.* at 3 (quoting *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 529 (7th Cir. 2008)). Additionally, this contract is relevant to damages because "[i]t is impossible for Circle City to quantify its damages using direct evidence, as opposed to using expert projections or similar circumstantial evidence, without access to the DISH-Nexstar contract." *Id.* at 5. Finally, as for any "DISH[ ] contract with Nexstar for any other stations in Indianapolis," it "would be relevant to the market price for the various station

3

properties in Indianapolis." *Id.* at 5–6. And their nonexistence would "further expose[ ] the prevarication embedded in DISH's contention that it does not pay for stand-alone non-Big 4 stations." *Id.* at 6.

DISH responds that "Circle City shows *no error* in Judge Baker's discovery ruling, much less the '*clear error*' required by Rule 72 to cast it aside." ([Filing No. 44 at 1](Filing No. 44 at 1) (emphasis DISH's).) After crediting itself for "not challenging" the portion of the discovery order adverse to it, *id.* at 1 n.1, DISH contends that the sought contracts are neither relevant nor proportional to Circle City's claim, *id.* at 4. First, the terms of a contract between DISH and Nexstar cannot show that that DISH's "racial animus" was a "but-for cause" of any "refusal to transact" with Circle City. *Id.* at 5 (citing *Bachman v. St. Monica's Congregation*, 902 F.2d 1259, 1262–63 (7th Cir. 1990)). Second, Circle City's second request—for the retransmission contract between DISH and Nexstar for any *other* station in Indianapolis during the same time—"does not even involve the stations at issue." *Id.* Though Circle City maintains that this could provide the market rate for stations in Indianapolis, "compensation for those various other stations is neither relevant nor proportional here, even under Circle City's market-rate theory." *Id.* And the first request—for the retransmission contract between DISH and Nexstar that governed the stations until Circle City bought them—is not relevant or proportional because "[n]othing supports" that this contract provides information on the market rate for the content. *Id.* Indeed, this belief is premised on the flawed assumption "that whatever fee Nexstar had charged DISH for the stations at some unspecified time must be what the stations were worth last fall when Circle City, a vastly smaller entity, bought them." *Id.* Though Circle City discounts the importance of "bargaining power," it fails to identify any "more important" considerations. *Id.* at 6. And though "Circle City's stations may have the same call signs today that they had under Nexstar's ownership," they are not the "same propert[ies]" after a

reduction of content and quality, like the loss of the broadcasting of "Chicago Cubs baseball games." *Id.* Deriding the size disparity between the companies and the change in sports coverage following new ownership, DISH concludes that "Circle City is to historically massive Nexstar as a practice squad rookie is to Peyton Manning." *Id.* at 6–7.

The Court, however, agrees with Circle City: the Magistrate Judge's Order is contrary to law. To prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Though DISH insists that any contract between it and Nexstar is not relevant because Nexstar and Circle City are not similarly situated, "a plaintiff need not use the *McDonell Douglas* framework"—from which this "similarly situated" component flows—"after *Ortiz* [*v. Werner Enters., Inc.*, 834 F.3d 760, 766 (7th Cir. 2016)*." Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 957 (7th Cir. 2021); *see also Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978) ("The method suggested in *McDonnell Douglas* for pursuing this inquiry, however, was never intended to be rigid, mechanized, or ritualistic."); *cf. Comcast*, 140 S. Ct. at 1019 ("Whether or not *McDonnell Douglas* has some useful role to play in § 1981 cases, . . ."). Instead, "[t]he determinative question in discrimination cases is 'whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race . . . caused the [harm]." *Id.* at 958 (quoting *Ortiz*, 834 F.3d at 765). In other words, "[u]nder *Ortiz*, we therefore ask whether the totality of the evidence shows discrimination, eschewing any framework or formula." *Id.* (citing *Ortiz*, 834 F.3d at 765).

The requested contracts are both relevant and proportional to proving Circle City's § 1981 claim after *Ortiz*. First, they have the tendency to make the existence of but-for racial discrimination "more or less probable" by potentially demonstrating—albeit inferentially—that a

5

non-minority-owned business was treated more favorably than one that was owned by an African American. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401; *Ortiz*, 834 F.3d at 765. And they are proportional in that Circle City alleges widespread, invidious racial discrimination in an important sector of our market and society ("the importance of the issues at stake in the action"), DISH is the only party with access to the contracts ("the parties' relative access to relevant information"), DISH has ample resources to be unburdened—and has not argued otherwise—in finding and producing the contracts ("the parties' resources"; "the burden or expense of the proposed discovery outweighs its likely benefit"), and the contracts could prove to be the fulcrum of the case ("the importance of the discovery in resolving the issues"). *See* Fed. R. Civ. P. 26(b)(1).

In addition, the procedural posture of this case has changed since the Magistrate Judge issued the discovery order. Circle City has survived the initial hurdle of a motion to dismiss (Filing No. 55), and the proposed discovery is both relevant and proportional as the case proceeds. Because the Magistrate Judge's discovery order is contrary to *Ortiz*'s reformed standard of demonstrating discrimination—the Court **sustains** Circle City's objection to it.

### III.    CONCLUSION

For the reasons explained above, the Court **SUSTAINS** Circle City's Objection to the Magistrate Judge's Order on Discovery Disputes (Filing No. 43). The discovery sought must be produced within **30 days** of the date of this Order.

**SO ORDERED.**

Date:   4/29/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

Daniel A. Kirkpatrick
FLETCHER HEALD & HILDRETH PLC
kirkpatrick@fhhlaw.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
slaurin@boselaw.com

John Bruster Loyd
JONES GILLASPIA LOYD LLP
bruse@jgl-law.com

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Dylan Pittman
BARNES & THORNBURG, LLP (Indianapolis)
dylan.pittman@btlaw.com