UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00750-TWP-TAB |
| ) | |
| DISH NETWORK, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER**

Before the Court is Plaintiff Circle City Broadcasting I, LLC's motion to reconsider [Filing No. 111] the Court's order [Filing No. 110] denying DISH's motion [Filing No. 96] to maintain under seal numerous documents designated confidential by Circle City because Circle City failed to file a brief in support, as required by S.D. Ind. L.R. 5-11.  Circle City now belatedly seeks to have the Court reconsider its order.  [Filing No. 111.]

A motion to reconsider is only appropriate where a movant demonstrates a manifest error of law or fact.  *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories.  A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact."  (Internal citations and quotation marks omitted)).  This is a high bar.  Given the limited purpose of a motion to reconsider, a party that neglects to file the requisite brief of support for maintaining documents under seal now has a steep hill to climb on

what otherwise could have been a relatively painless hike (assuming there is, in fact, good cause to seal those documents).

Circle City is not the first party to commit the mistake of failing to file a brief in support, which led to the Court issuing an order allowing the document to be unsealed, and then follow that up with a motion to reconsider on grounds that should have been provided from the outset. *See, e.g.,* Order at 1-2, *Indiana Farm Bureau Ins. v. Amazon.com, Inc.*, No. 1:19-cv-1568-JRS-TAB (S.D. Ind. June 7, 2021), ECF No. 104 ("The Court once again finds itself being asked to reconsider a ruling on a motion to seal after counsel for the party who designated the documents confidential failed to file the supporting brief as required by S.D. Ind. L.R. 5-11."); Order at 2, *Northshore v. Nationwide*, No. 1:18-cv-3632-SEB-TAB (S.D. Ind. Jan. 21, 2021), ECF No. 156 (granting belatedly filed motion to reconsider for good cause); *Carroll v. BMW of North America, LLC*, No. 1:19-cv-224-JMS-TAB, 2021 WL 136086 (S.D. Ind. Jan. 13, 2021) (motion to reconsider granted where BMW set forth good faith basis for error in failing to initially file requisite brief); Order at 1-2, *Fair Housing Center of Central IN, et al., v. Rainbow Realty Group, Inc., et al.*, No. 1:17-cv-1782-JMS-TAB (S.D. Ind. Oct. 29, 2020), ECF No. 203 (no brief initially filed; later motion to reconsider granted for good cause).

Circle City acknowledges that the Court denied DISH's motion to seal as it related to Circle City-designated documents because Circle City failed to file a brief in support. Circle City attached to its motion to reconsider a combined statement authorizing the unsealing of certain documents and brief in support of DISH's motion to maintain documents under seal, which counsel drafted and prepared for filing on October 11, 2021, but inadvertently failed to actually file on time. [Filing No. 111.]

Circle City authorizes the unsealing of the following records in DISH's appendix of materials: Exhibit 25 [Filing No. 84-12]; Exhibit 46 [Filing No. 84-16]; Exhibit 60 [Filing No. 84-25]; Exhibit 63 [Filing No. 84-27]; Exhibit 76 [Filing No. 84-33]; Exhibit 80 [Filing No. 84-36]; Exhibit 81 [Filing No. 84-37]; Exhibit 82 [Filing No. 84-38]; Exhibit 90 [Filing No. 85-2]; Exhibit 91 [Filing No. 90-1]; Exhibit 96 [Filing No. 85-3]; Exhibit 108 [Filing No. 90-2]; Exhibit 117 [Filing No. 85-16]; Exhibit 119 [Filing No. 90-3]; Exhibit 122 [Filing No. 86-4]; Exhibit 124 [Filing No. 86-5]; and Supplemental Appendix Exhibits 10 through 13 [Filing No. 93-2; Filing No. 93-3; Filing No. 93-4; Filing No. 93-5].

However, Circle City seeks to maintain four documents under seal: Exhibit 10 [Filing No. 84-5]; Exhibit 110 [Filing No. 85-9]; Exhibit 111 [Filing No. 85-10]; and Supplemental Exhibit 14 [Filing No. 93-6]. Circle City argues that Exhibit 10 and Supplemental Exhibit 14 are internal non-public financial records of Circle City, and Exhibits 110 and 111 are retransmission consent agreements between Circle City and non-parties that contain highly sensitive financial information. While counsel's error does not technically meet the manifest error of law or fact standard on a motion to reconsider, the Court nevertheless finds that Circle City has belatedly set forth good cause for maintaining these four exhibits under seal and provided an explanation for why less restrictive alternatives such as redaction would not suffice.

For these reasons, Circle City's motion to reconsider [Filing No. 111] is granted. The Clerk is directed to unseal the following exhibits after 21 days absent any motion to reconsider, appeal, or further court order: Exhibit 25 [Filing No. 84-12]; Exhibit 46 [Filing No. 84-16]; Exhibit 60 [Filing No. 84-25]; Exhibit 63 [Filing No. 84-27]; Exhibit 76 [Filing No. 84-33]; Exhibit 80 [Filing No. 84-36]; Exhibit 81 [Filing No. 84-37]; Exhibit 82 [Filing No. 84-38]; Exhibit 90 [Filing No. 85-2]; Exhibit 91 [Filing No. 90-1]; Exhibit 96 [Filing No. 85-3]; Exhibit

108 [Filing No. 90-2]; Exhibit 117 [Filing No. 85-16]; Exhibit 119 [Filing No. 90-3]; Exhibit 122 [Filing No. 86-4]; Exhibit 124 [Filing No. 86-5]; and Supplemental Appendix Exhibits 10 through 13 [Filing No. 93-2; Filing No. 93-3; Filing No. 93-4; Filing No. 93-5].  The Clerk shall maintain Filing Nos. 84-5, 85-9, 85-10, and 93-6, under seal.

Date: 11/16/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email