UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00750-TWP-TAB |
| ) | |
| DISH NETWORK, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER REGARDING PLAINTIFF'S EXPERT WITNESS DISCLOSURE**

**I.    Introduction**

Plaintiff Circle City Broadcasting's disclosure of expert witness Dr. Mark R. Fratrik has touched off a squabble.  Circle City hopes to rely on Fratrik's testimony to prove damages.  However, Defendant DISH Network contends Fratrik's opinion is unsupported, unreliable, and relies upon irrelevant information.  As a result, DISH has moved to exclude Fratrik's testimony, whereas Circle City—without conceding any shortcomings—has moved to supplement Fratrik's expert opinion and offered to make Fratrik available for a supplemental deposition.  For the reasons discussed below, Circle City's motion for leave to supplement its expert disclosure [Filing No. 120] is granted, and DISH's motion to exclude expert testimony [Filing No. 123] is denied.

**II.    Discussion**

The factual and legal backdrop of this litigation is set forth in multiple docket filings and need not be repeated at length here.  Briefly, Circle City is a relatively small, African American owned television broadcast company that alleges DISH refused to contract with Circle City

based on race. DISH, a national telecommunications company, denies this allegation and contends that Circle City simply demanded unrealistic rates that DISH reasonably rejected. Circle City survived DISH's motion to dismiss [Filing No. 55], and DISH's motion for summary judgment is ripe and awaiting resolution. The case is set for trial on May 23, 2022. Circle City, anticipating calling Fratrik as a damages expert at trial, timely disclosed Fratrik's damages expert report on September 10, 2021. Thereafter, DISH filed a motion to exclude Fratrik's testimony. DISH's motion is a multi-pronged attack on Fratrik's opinions stemming primarily from the fact that his damages calculations rely upon a contract rate that Circle City and Comcast agreed to that Circle City never proposed to DISH. [Filing No. 124-1.] DISH's concerns in this regard appear well founded, regardless of Circle City's insistence that Fratrik's opinions are admissible.

Nevertheless, Circle City hopes to resolve any perceived (or actual) problems with Fratrik's opinion by providing "additional information that may eliminate DISH's concerns." [Filing No. 120, at ECF p. 2.] DISH bristles at Circle City's suggestion of allowing supplementation, citing case law that supplementation is not a license to sandbag one's opponent, and noting that DISH has spent substantial time and money investigating and challenging Fratrik's opinions as well as working with a defense damages expert. [Filing No. 129, at ECF p. 5, 6.] *See Allgood v. Gen Motors Corp.*, No. 1:02-cv-1077-DFH-TAB, 2007 WL 647496, at * 3 (S.D. Ind. Feb. 2, 2007). DISH also relies on *Welch v. Eli Lilly & Company*, No. 1:06-cv-641-RLY-JMS, 2009 WL 700199, at * 4 (S.D. Ind. March 16, 2009), which cited *Allgood* in relevant part to conclude supplementation does not give the producing party license to disregard discovery deadlines and offer new opinions under the guise of the supplementation label.

The Court is not persuaded by DISH's argument and reliance on these cases. As Circle City points out in its reply brief, the expert disclosure deadline in *Welch* had been extended

multiple times. [Filing No. 140, at ECF p. 1.] Thereafter, plaintiff produced a supplemental expert report as an exhibit to a motion to compel filled with "entirely new analyses." *Welch*, No. 1:06-cv-641-RLY-JMS, 2009 WL 700199, at * 4. And in *Allgood*, although the court allowed plaintiff to provide a supplemental expert, plaintiff ultimately served a 137-page report from an entirely different expert 19 months after the original expert witness deadline. This new report used new methods and new data to address damages issues that plaintiffs had not addressed previously with expert testimony. *Allgood*, No. 1:02-cv-1077-DFH-TAB, 2007 WL 647496, at *1.

In contrast, in the case at bar, expert and damages discovery has not yet closed. That deadline is December 6, 2021. Moreover, when Circle City filed its motion to supplement on November 3, 2021, it proposed to (and subsequently did) present the supplement by November 17, 2021. [Filing No. 140-1]. Circle City also offered to make Fratrik available for deposition on or before the close of expert discovery. Moreover, Circle City represents that Fratrik's supplemental disclosure does not propose new opinions, but rather addresses DISH's concerns that Fratrik's report does not adequately disclose the basis and reasons for his opinions. [Filing No. 120, at ECF p. 2.] Thus, *Welch* and *Allgood* are factually distinguishable and, moreover, the Court sees no evidence that Circle City engaged in sandbagging.

Courts generally consider four factors in exercising their discretion on whether to allow a supplemental expert report: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Poer v. United States*, 1:18-cv-01622-JMS-MJD, 2020 WL 1443197, at *2 (S.D. Ind. Mar. 3, 2020) (quoting *Uncommon, LLC v. Spigen, Inc*., 926 F.3d 409, 417 (7th Cir. 2019)).

DISH contends that it has expended considerable resources on its damages expert, and the Court accepts this as true. However, given that Circle City's supplementation does not involve any new opinions, DISH would have incurred these expenses regardless. While the expense of filing and briefing DISH's motion to exclude could have been avoided, counsel for Circle City contacted DISH's counsel two days before DISH filed that motion in an effort to head off that filing. [Filing No. 140, at ECF p. 4, n.2.] Given that this case is not set for trial until May 23, 2022, sufficient time exists to allow DISH to depose Fratrik on his supplemental report. All of this minimizes any resulting prejudice to DISH. *Cf. Amari v. C.R. England, Inc*., No. 1:07-cv-1616-WTL-TAB, 2010 WL 2943686, at *3-4 (S.D. Ind. July 21, 2010) (new report with new opinions on a new theory that could require the defense to acquire a new expert of their own and a "complete reversal in their strategy" was prejudicial that was not fixable). And as previously noted, despite DISH's suggestion to the contrary, there is no evidence that Circle City engaged in sandbagging. This lack of bad faith or willfulness further factors in favor of Circle City's request for supplementation.

Of course, time reasonably spent preparing for and deposing Fratrik a second time, as well as court reporter fees associated with a second deposition, are expenses that DISH should not have to incur. Accordingly, Circle City shall reimburse DISH for all reasonable fees and costs associated with that deposition within 30 days after DISH requests reimbursement. The Court fully expects it will not be asked to wade further into determining what is reasonable.

Finally, to accommodate the foregoing, the Court modifies the case management deadlines as follows: (1) Circle City's November 17, 2021, supplemental disclosure of Fratrik's testimony [Filing No. 140-1] is deemed timely; (2) Circle City shall make Fratrik available for deposition on his supplemental disclosure at a mutually agreeable time and place no later than

December 31, 2021; (3) DISH's damages expert (Mr. Thomas) is permitted to make a supplemental disclosure no later than December 31, 2021 (but need not submit to further deposition examination); and (4) the deadline to file any motion to exclude an expert witness from trial is January 28, 2022.

### III.   Conclusion

The dispute presented by the motions addressed in this order is unfortunate, but manageable. Circle City will be allowed to supplement Fratrik's expert report on damages. Any prejudice to DISH has been sufficiently minimized by requiring Circle City to reimburse any resulting reasonable fees and costs, and by modifying case management deadlines. Accordingly, for these reasons, Circle City's motion for leave to supplement its expert disclosure [Filing No. 120] is granted, and DISH's motion to exclude expert testimony [Filing No. 123] is denied.

Date: 12/2/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

Daniel A. Kirkpatrick
BAKER HOSTETLER
dkirkpatrick@bakerlaw.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
slaurin@boselaw.com

John Bruster Loyd
JONES GILLASPIA LOYD LLP

bruse@jgl-law.com

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Dylan Pittman
BARNES & THORNBURG, LLP (Indianapolis)
dylan.pittman@btlaw.com