UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CIRCLE CITY BROADCASTING I, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:20-cv-00750-TWP-TAB |
| DISH NETWORK, LLC, | ) | |
| Defendant. | ) | |

## DISH'S NOTICE OF SUPPLEMENTAL AUTHORITY

For its Motion for Summary Judgment [ECF81], Defendant DISH Network L.L.C. respectfully submits as supplemental authority the Seventh Circuit's recent decision in *Palmer v. Ind. Univ.*, 2022 WL 1115137 (7th Cir. Apr. 14, 2022) (affirming summary judgment in race claim). Plaintiff there was an African-American lecturer in Indiana University's marketing department and sued IU under Title VII for racially discriminating against him in terms of, *e.g.*, compensation. *Id.* at *1, 5-6. He claimed that a white colleague, who joined the department as a lecturer years after plaintiff did, received higher pay and higher raises. *Id.* Yet this Court entered summary judgment for IU. *Palmer v. Ind. Univ.*, 2021 WL 914030 (S.D. Ind. Mar. 10, 2021) (Magnus-Stinson, J.). It held that the colleague was "not an appropriate comparator," and that defendant's explanation for the difference in pay was "supported by legitimate reasons." *Id.* at *27-29.

The Seventh Circuit unanimously affirmed. *Palmer*, 2022 WL 1115137. It noted that a "suitable comparator" must be "directly comparable … in all *material* respects," and held that plaintiff's colleague, who was "only one other lecturer" in the department, did "not provide a proper framework for comparison." *Id.* at *5-6 (citation omitted). Much of the colleague's pay, the Court reasoned, was based on circumstances not applicable to plaintiff. *See id.* As one example, the colleague taught a heavier course load; and though IU already "separately" paid him for each class, it was also "entirely permitted to steepen his raises to account for" his teaching so many. *Id.* As another example, the colleague earned raises for what IU deemed his "success" in performing an

administrative role; and though plaintiff claimed IU "gave too much credit" for this, the Court declined to second-guess defendant's "business acumen." *Id.* "Without any comparator in the record against whom [plaintiff] was underpaid," the Court thus concluded, "the totality of the evidence simply does not support a reasonable inference of race discrimination …." *Id.*

*Palmer* is further authority holding as a matter of law no triable issue of race discrimination where—as here—plaintiff's proposed comparator is not comparable in all material respects.

Respectfully submitted,

/s/ *John R. Maley*
John R. Maley (14300-89)
Dylan A. Pittman (32722-49)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone:     (317) 236-1313
Fax:           (317) 231-7433
Email:         jmaley@btlaw.com
               dpittman@btlaw.com

*Counsel for Defendant DISH Network L.L.C.*

2