UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 1:20-cv-00750-TWP-TAB |
| ) | |
| DISH NETWORK, LLC, ) | |
| ) | |
| Defendant.  ) | |

**<u>OPPOSITION TO DISH REQUEST TO REDACT SUMMARY JUDGMENT ENTRY</u>**

"Secrecy in judicial proceedings . . . is disfavored. Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision, why the case was brought (and fought), and what exactly was at stake in it." *Mueller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014) (cleaned up).

In a recent filing, DISH Network, L.L.C. ("DISH") subordinates this principle to its own self-interest. DISH is asking the Court to remove from public view information that forms the basis of the Court's March 31, 2023 summary judgment entry. (*See* ECF No. 215, ECF No. 216.) Specifically, DISH wants the Court to seal 17 words that DISH contends relate to information that "is highly sensitive and accordingly guarded, particularly given the risk of competitive harm that disclosing such information presents in the competitive retransmission-consent industry." (ECF No. 216 at 3.) Because the information conveyed in the "17 words" is a basis for the Court's decision, is only a general description of information, has already been publicly reported by the media, and is essentially reflected in the same general terms in Circle City's publicly available amended complaint, DISH's motion should be denied.

Circle City's amended complaint says this:

> 24. Prior to Circle City's purchase, on information and belief, DISH paid significant retransmission consent fees to the standalone affiliates WISH-TV, CW affiliate, and WNDY, MyNet's standalone affiliates owned by Nexstar in the Indianapolis-DMA (Circle City does not have copies or access to DISH's retransmission agreements with Nexstar).
>
> 25. When Mr. McCoy came on the scene, DISH's fair treatment of the station stopped. DISH's approach to Circle City reflected its bias against the race of Circle City's owner, Mr. McCoy. DISH offered to contract with Circle City for ***pennies on the dollar*** compared to the rates it paid the prior broadcaster, Nexstar. The message to Mr. McCoy from DISH was clear: minority broadcasters need not apply.

ECF No. 19 at ¶¶ 24-25.

Circle City's amended complaint is not under seal and the 17-word clause in the Court's summary judgment entry that DISH wants to seal largely restates these two paragraphs. Morevoer, Nexttv's online journal, Broadcasting+Cable, in reporting on the Court's sumary judgment decision wrote that DISH "had been offering zero dollars for retransmission and made a last-minute offer that amounted to only pennies per subscriber that was rejected by Circle City." DISH's motion to conceal this information from the public does not mention the allegations in Circle City's amended complaint or this public report of the Court's decision.

Regardless, DISH's request to redact these 17 words runs afoul of the Seventh Circuit's directives concerning the propriety of removing information from the federal courts' public dockets. "[T]he public at large pays for the courts"; it therefore "has an interest in what goes on at all stages of judicial proceeding." *Citizens First Nat. Bank v. Cincinnati Ins. Co.*, 178 F.3d

943, 945 (7th Cir. 1999). "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). There is, however, a "strong presumption of public disclosure" of the information "that formed the basis of the parties' dispute and the district court's resolution." *Id.* at 548. As the Seventh Circuit wrote in an actual trade secrets case (this is a discrimination case), "Litigation about trade secrets regularly is conducted in public; the district court seals only the *secrets* (and writes an opinion omitting secret details)." *Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (emphasis original). As the court noted, even the briefs "in the *Pentagon Papers* case were available to the press, although sealed appendices discussed in detail the documents for which protection was sought." *Id.* (cleaned up).

In the summary judgment filings in this case, the parties discussed in their redacted briefs and sealed appendices the specific negotiations between the parties and the back-and-forth of the offers. The 17 words in the Court's order DISH wants sealed do not contain those specific facts. *See id.* Instead, the Court wrote its summary judgment opinion in a way that omitted the "secret details." *Id.* Because the Court had to address the evidence and publicly explain the basis of its decision (*Baxter*, 297 F.3d at 548), it did so in general terms to preserve the specific information DISH wanted kept from public view. Nothing merits DISH's request to remove from the public arena the basis for the Court's decision. *Union Oil*, 220 F.3d at 567.

None of the authority cited in DISH's brief supports hiding from public view the basis of the Court's decision. The motion referenced in the *Genesys* case represents that the information subject to the redaction request "is not material to the Court's Entry." (ECF No. 216 at 4, *citing Genesys Cloud Serv., Inc. v. Talktek, Inc.*, 1:19-cv-00695-TWP-MKK ECF No. 350.) That is the opposite of the language DISH seeks to seal here. The information sealed in the *Benton County*

3

*Wind Farm* case was the specific contract pricing and bid prices at issue in the case, not a general description of the information, which is the case here. *See Benton Cty Wind Farm LLC v. Duke Energy Indiana, Inc.*, 1:13-cv-01984-SEB-TAB, 2015 WL 12559884, * 1 (S.D. Ind. Aug. 26, 2015). The rest of the cases cited in DISH's argument deal with defining trade secrets, not sealing portions of dispositive orders that generally describe the parties' contentions. *See* ECF No. 216 at 4 and cases cited. They offer no guidance to the resolution of DISH's motion.

As DISH noted at the conclusion of its brief in support of its request to remove information from the public record, Circle City opposes the request. Although Circle City lost the summary judgment motion, it is ultimately a media company. It believes in the First Amendment. It believes that the basis for a public body's decision should be available to the public. DISH's request to conceal from public view should be denied.

Respectfully submitted,

/s/ *Andrew M. McNeil*
Gregory F. Hahn (#10547-49)
Andrew M. McNeil (#19140-49)
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000; (317) 684-5173 (Fax)
ghahn@boselaw.com
amcneil@boselaw.com

John Bruse Loyd (TX 24009032)
Jones, Gillaspia & Loyd, LLP
4400 Post Oak Pkwy., Suite 2360
Houston, TX  77027
(713) 240-5646
bruse@jgl-law.com

Daniel A. Kirkpatrick (VA #65639)
Baker Hostetler
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036
dkirkpatrick@bakerlaw.com

>Cyrus Mehri (DC #420970)
>Joshua Karsh (DC #6203096)
>Mehri & Skalet
>2000 K Street NW, Suite 325
>Washington, DC 20006
>cmehri@findjustice.com
>jkarsh@findjustice.com

>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>John R. Maley, Esq.
>Dylan A. Pittman, Esq.
>Barnes & Thornburg LLP
>11 South Meridian Street
>Indianapolis, IN  46204
>jmaley@btlaw.com
>Dylan.pittman@btlaw.com

>/s/ *Andrew M. McNeil*
>Andrew M. McNeil

4555242

5