UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00750-TWP-TAB |
| ) | |
| DISH NETWORK, LLC, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S BILL OF COSTS**

This matter is before the Court on Defendant Dish Network, LLC's ("DISH") Bill of Costs (Filing No. 219) and Motion to Renew Bill of Costs (Filing No. 230), and Plaintiff Circle City Broadcasting I, LLC's ("Circle City") Objection to Bill of Costs (Filing No. 220) and Renewed Objection to Bill of Costs (Filing No. 231). As the prevailing party, DISH requests an award of its costs incurred in defending this action in the amount of $11,476.31, pursuant to Federal Rule of Civil Procedure 54(d)(1). Circle City objects to the costs incurred for various depositions. For the following reasons, the Court **grants in part and denies in part** DISH's Bill of Costs, and awards **$8,317.80** in costs.

I.   **BACKGROUND**

On March 9, 2020, Circle City brought this action against DISH asserting violations of civil rights under 42 U.S.C. § 1981 (Filing No. 4) and later amended its Complaint to make similar claims (Filing No. 19).

Following a denial of DISH's Motion to Dismiss (*see* Filing No. 55), the parties took depositions of certain witnesses, and on September 12, 2021, DISH filed a Motion for Summary Judgment (Filing No. 81). Circle City's timely responded (Filing No. 102), and DISH timely

replied on November 1, 2021 (Filing No. 112). The Court heard oral argument on the motion (*see* Filing No. 158) and ultimately granted summary judgment in DISH's favor (Filing No. 213).

DISH filed its Bill of Costs on April 11, 2023 (Filing No. 219). Two days later, Circle City filed an Objection to Bill of Costs (Filing No. 220). On April 20, 2023, DISH filed a reply in support of its Bill of Costs (Filing No. 221). Circle City filed a Notice of Appeal on April 25, 2023, challenging the grant of summary judgment (Filing No. 222), and on May 4, 2023, the Court stayed the proceedings concerning the Bill of Costs pending the appeal (Filing No. 226).

On April 16, 2024, the Seventh Circuit Court of Appeals affirmed in a consolidated opinion this Court's entry of summary judgment order in both this and the related case, *Circle City Broad. I, LLC v. AT&T Servs., Inc.*, Case No. 1:20-cv-2108, which involved a separate § 1981 action also brought by Circle City. *See Circle City Broad. I, LLC v. AT&T Servs., Inc.*, 99 F.4th 378 (7th Cir. 2024). On May 9, 2024, the day after the Notice of Issue of Mandate was issued, DISH filed its Motion to Renew Bill of Costs (Filing No. 230). The next day, Circle City filed its Renewed Objection to Bill of Costs (Filing No. 231), and DISH renewed its reply (Filing No. 232). At present, the proceedings are still stayed. But because Circle City's appeal has ended, **the stay is lifted**, and in this Entry, the Court rules on the now ripe bill of costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "costs — other than attorney's fees — should be allowed to the prevailing party." Because the strong presumption in favor of awarding costs to the prevailing party is difficult to overcome, the court's discretion to deny awarding costs is narrowly confined. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). The process for awarding court costs "is intended to be summary," *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008), and it is the losing party's burden to

demonstrate that the taxed costs are inappropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

The district court has considerable discretion when awarding costs. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 453 (7th Cir. 1998) (applying abuse of discretion standard); *see also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001) (internal quotation marks and citation omitted) (a district judge's "award of costs is the type of discretionary ruling to which [the Seventh Circuit] give[s] virtually complete deference"). Taxing costs against the non-prevailing party requires two inquiries — whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). If the district court finds that the costs were reasonably necessary at the time they were incurred, it should award the costs. *See La Vay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

### III.     DISCUSSION

DISH is the "prevailing party" because the district court granted summary judgment in its favor on all counts, *Weeks*, 126 F.3d at 944; (*see* Filing No. 213), and thus is entitled to fees under Rule 54(d). DISH seeks $11,476.30 in costs (*see* Filing No. 219; Filing No. 219-2 at 3), and Circle City objects, arguing that DISH is entitled to, at most, $4,678.80, a reduction of $6,733.15 or nearly 60% of the requested total (*see* Filing No. 220 at 8).

DISH's costs of **$11,476.30** consist of:

- $3,676.90 for expenses associated with the May 19, 2021 deposition of Circle City's majority owner, DuJuan McCoy ("McCoy");

- $2,057.95 for expenses associated with the May 24, 2021 deposition of DISH Vice President of Programming, Melisa Ordonez Boddie;

- $2,133.75 for expenses associated with the June 24, 2021 deposition of Circle City Controller, Ty Shea;

- $377.50 for expenses associated with the August 27, 2021 deposition of DISH Chairman of the Board, Charles Ergen;

- $2,756.35 for expenses associated with the October 5, 2021 deposition of Mark Fratrik, Circle City's expert;

- $409.50 for expenses associated with the October 29, 2021 deposition of Vince Thomas, DISH's expert; and

- $64.35 for copying charges of items such as discovery documents, production, and deposition exhibits for the summary judgment hearing

(Filing No. 219-2 at 2, 3; *see id.* at 1-2 (describing Fratrik and Thomas)). DISH filed deposition invoices along with its Bill of Costs (Filing No. 219-3) and also submitted a declaration under penalty of perjury from its attorney, attesting to the fact that the costs were correct and necessarily obtained by DISH for use in the case (Filing No. 219-2).

Under 28 U.S.C. § 1920, a federal court may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Circle City asks the Court to deny several itemized components of DISH's requests, on the basis that DISH is seeking non-taxable costs that were "incurred as a convenience, not a necessity,

or that exceed the reasonable amounts established by the Judicial Conference." (Filing No. 220 at 1.)

There is no objection from Circle City regarding the $0.15 per page charge. The Court finds that the costs for photocopying, allowable under §1920(3), should be awarded, accordingly **DISH** is awarded **$64.35 for costs**.

The Court notes that several of the invoiced deposition expenses appear facially vague as to whether they fall into the categories expressed in 28 U.S.C. § 1920. In objecting, Circle City's generalized opposition does little to reveal the services that were actually rendered. Although somewhat helpful, DISH's reply does not provide definitional clarity into the various costs associated with such titles as "Litigation Package – Secure File Suite" (*e.g.*, Filing No. 219-3 at 1).

Nevertheless, the Court ascertains that some itemized components fall within the necessary costs incurred for the litigation and others appear to have been incurred as a matter of convenience or personal preference. Circle City's objections yield a general buckets of costs: (1) charges for deposition transcripts and accompanying services; (2) charges for the depositions to take place remotely; (3) charges for deposition exhibits which DISH already possessed; (4) charges for video depositions and accompanying services. The Court considers each in turn.

A. <u>**Charges for Deposition Transcripts and Accompanying Services**</u>

Circle City asserts that fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" under § 1920(2) "'contemplates the use of actual transcripts,' not add-ons that are a convenience to counsel." (Filing No. 220 at 1 (quoting *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 780 (S.D. Ind. 2003)). Circle City maintains that, to the extent they are to be allowed, deposition transcript costs "should be limited to the reasonable per page cost," *id.* (citing 264 F. Supp. 2d at 780), and offers as a reasonable rate the "regular copy

5

rate established by the Judicial Conference of the United States." *Id.* (quoting *Berry Plastics Corp. v. Intertape Polymer Corp.*, 2017 WL 167829, at *3 (S.D. Ind. Jan. 17, 2017)).

Section 1920 does not contemplate separating the costs of numerous extra services such as "Rough Draft", "Equipment Rental", and "Electronic Delivery & Handling" from the "transcripts necessarily obtained" with which those costs are associated.  To do so would in effect hoist the costs onto Circle City, which would not be fair.  Thus, the aggregation of expenses for the above items, as well other related services such as "Litigation Package – Secure File Suite" and "Attendance", into the per page cost of the transcripts is appropriate.

Take for example the deposition invoices of McCoy.  The original transcript-related charges were:

| | |
|---|---:|
| Original Transcript, 198 pages at $4.95 per page | $ 980.10 |
| Attendance (First Hour), 1.00 hour at $75.00 per hour | 75.00 |
| Attendance (Add'l Hour), 3.50 hour at $45.00 per hour | 157.50 |
| Litigation Package – Secure File Suite | 20.00 |
| Equipment Rental | 100.00 |
| Rough Draft, 163 pages at $1.60 per page[1] | 260.80 |
| Electronic Delivery & Handling | 25.00 |
| | $1,618.40 |

This adds up to $8.17 per page for 198 pages.

Despite DISH's arguments to the contrary, it is reasonable to follow the Judicial Conference guidelines regarding the rate for deposition transcripts.  *See Myers v. Equifax Info. Servs., LLC*, 2023 WL 1975045, at *2 (S.D. Ind. Jan. 23, 2023) (citing *Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *14 (N.D. Ill. March 23, 2018)).

---

[1] DISH's invoice for McCoy shows a single line item for "Realtime & Rough Services," with a quantity of 163 pages at a combined rate of $2.75 per page (Filing No. 219-3 at 3).  Combining these services poses a problem since the Court ultimately concludes that costs for rough drafts are to be aggregated with the other transcript-associated costs, but that realtime costs can reasonably be taxed separately under § 1920(2).  The evidence shows that DISH was separately charged for other rough drafts at $1.60 per page, *see id.* at 9; thus, the Court utilizes that rate for the per page aggregation and taxes the remainder as realtime costs.

As of the date of Circle City's objection, the established rate was $3.65 per page for the original deposition transcripts, $0.90 per page for the first copy to each party, and $0.60 per page for each additional copy to the same party. *See id.*; *compare* Federal Court Reporting Program, https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited June 12, 2024) (increasing rates, effective Oct. 1, 2023). Also, Realtime services were awarded at the single-feed rate of $3.05 per page, *see, e.g.*, *Fletcher v. Doig*, 2022 WL 18027446, at *2 (N.D. Ill. Dec. 31, 2022), which the Court views as an upper bound.

The Court **SUSTAINS** Circle City's Objection to the extent DISH is entitled to up to, but not more than, the above-mentioned costs associated with the depositions and accompanying services. Accordingly, the Court **awards DISH $2,457.55**, which is the sum of the following amounts:

- $910.15   McCoy's deposition (198 pages of original transcript at $3.65/page, Realtime services for 163 pages at $1.15/page)

- $612.55   Boddie's deposition (251 pages of a certified copy of the transcript at $0.90/page, Realtime services for 209 pages at $1.85/page)

- $328.50   Shea's deposition (90 pages of original transcript)

- $69.30    Ergen's deposition (22 pages of a certified copy of the transcript

- $441.65   Fratrik's deposition (121 pages of original transcript)

- $95.40    Thomas' deposition (106 pages of a certified copy of the transcript)

**B.** **Charges Related to the Remote Nature of the Depositions**

Circle City objects to certain charges so that the depositions could take place remotely, such as the charges for video-conferencing and electronic exhibit sharing services, on the grounds that such expenses were conveniences and should not be taxable. However, given that the depositions all took place in 2021, the second year of a global pandemic, these expenses are reasonable. *See also* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate . . . that a deposition be

taken by telephone or other remote means."). The Court **overrules** Circle City's Objection and **awards DISH $1,575.00**, which is the sum of the following amounts: $295.00 for McCoy's deposition; $640.00 for Shea's deposition; and $640.00 for Fratrik's deposition.

C. **Charges for Deposition Exhibits Already Possessed**

Circle City contends that courts should not tax as costs deposition exhibits "where the party seeking the cost recovery is already in possession of the exhibits, either because the party taking the deposition provided extra copies at the deposition or the documents were produced during discovery" (Filing No. 220 at 2 (citing *Cengr*, 135 F.3d at 446; *Myers*, 2023 WL at 1975045 *2–*3)). DISH argues in favor of taxing its "Exhibits" cost by contending that "such marked-exhibit expenditures" were "reasonable and prudent, particularly given then-upcoming summary-judgment and *Daubert* motion practice in which DISH ultimately designated many such marked exhibits." (Filing No. 221 at 3).

DISH may have very well needed marked exhibits in maneuvering toward summary judgment; featuring unique exhibits as part of a larger dispositive and *Daubert* motions strategy is certainly reasonable. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 856 (N.D. Ill. 2015) ("[I]t is not unreasonable to request copies of the exhibits used during a deposition, for even if the exhibits have been produced in discovery, it could be that the deponent, attorney, or both marked on the exhibit during the deposition, making the deposition copy unique."). The Court **overrules** Circle City's Objection and accordingly **awards DISH $382.90**, which is the sum of the following amounts:

$78.05   McCoy's deposition (223 pages of exhibits at $0.35 per page)

$80.85   Boddie's deposition (231 exhibit pages)

$47.25   Shea's deposition (135 exhibit pages)

$105.35  Ergen's deposition (301 exhibit pages)

  $441.65  Fratrik's deposition (135 pages of original transcript)

  $19.60   Thomas' deposition (148 exhibit pages)

**D.**  **Charges for Video Depositions and Accompanying Services**

  The Seventh Circuit has expressly held that a party could recover for both the cost of video-recorded deposition and the cost of stenographically transcribing the same deposition, as long as both were reasonable and necessary. *See Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699 (7th Cir. 2008).

  However, while costs for both video and printed transcripts of a deposition can be recovered pursuant to § 1920(2), as with any costs they must have been reasonably necessary to the preparation of the defendant's case in order to be recoverable. It was certainly necessary for DISH to have a printed transcript of the depositions. Furthermore, accompanying video depositions were reasonably necessary in light of the role of the deponents in question (Circle City's majority owner and controller, DISH's Programming Vice President and Chairman, and the parties' respective damages experts), the nature of the case, and the stakes involved. Absent any objection that the video recordings themselves were not necessary and taxable, or as to the videographer and video web hosting fees, the Court finds those amounts recoverable.

  Circle City disputes other aspects of DISH's attempted recoveries for the video depositions. DISH seeks to tax certain technology services that extend beyond receipt of the video itself: for four video depositions, it seeks to recover $1,425.00 for the synchronization of the footage with a typed transcript ("Video - Digitizing & Transcript Synchronization"), and for three of those same four depositions, $450.00 for the video-synced transcript to contain embedded exhibit links accessible in various formats ("Video - Exhibits - Linked (LEF, PTZ, XMEF, SBF)") (Filing No.

9

219-3). In support, DISH points to a case in which the court taxed $3,010.00 for "encoding and synchronization". *Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *16 (N.D. Ill. March 23, 2018).

Within the larger context of the entire case, the Court deems the synchronization costs to be reasonably necessary. Each of the four depositions in question involved witnesses that appeared on Circle City's final trial witness list (*see* Filing No. 122) and, with the exception of the damages expert, appeared in its preliminary witness list (*see* Filing No. 30). DISH deposed McCoy, Shea, and Boddie in the lead-up to filing its summary judgment motion, designated portions of Boddie's deposition (*see* Filing No. 82-6) and in its brief relied upon the depositions of the Circle City majority owner and its controller (*see generally* Filing No. 81). The Court heard oral argument on the summary judgment motion at DISH's request, although DISH did not ultimately play any deposition video (*see* Filing No. 158).

Additionally, following Fratrik's deposition, DISH filed two separate motions to exclude his expert testimony (Filing No. 123; Filing No. 153). The Court denied the first motion (*see* Filing No. 149) and partly denied the second motion, thereby still permitting Fratrik to testify at trial in relation to his underlying calculations of retransmission and advertising revenue damages for the initial three-year period from 2019 to 2022 (*see* Filing No. 182).

Because of the strategic considerations leading to DISHS's summary judgment motion and the possibility of using the videotaped depositions at trial, the Court finds the synchronization costs were reasonably necessary and are thus recoverable. *See LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) ("Costs associated with digitalization and synchronization of videotaped depositions may also be taxed."); *The Medicines Co. v. Mylan Inc.*, 2017 WL 4882379, at *5 (N.D. Ill. Oct. 30, 2017) (quoting *LG Elecs.*, 2011 WL 5008425, at *3–

\*4) ("[C]osts may be awarded for witnesses who appear on the 'may call' or 'will call' trial witness lists.").

The strategic consideration of synchronizing transcript to deposition footage is distinctly lacking when it comes to the convenience of embedding exhibit links into that same video-synced transcript. Effectually imbuing the video deposition with easy click-through exhibit access is not a tactical advantage, but more akin to a luxury. Were DISH to have needed to present the video depositions at trial, and wanted to present exhibits in conjunction with them, it could have as easily presented the corresponding exhibits when they arose. Passing off to Circle City the $450.00 in charges for this unnecessary enhancement is not appropriate.

The Court **overrules** Circle City's Objection regarding the costs for synchronization of the video deposition with a typed transcript, but **sustains** its objection for embedded exhibit links. Accordingly, the Court **awards DISH $3,838.00**, which is the sum of the following amounts: $1,348.00 for McCoy's video deposition; $655.00 for Boddie's video deposition; $854.00 for Shea's video deposition; and $981.00 for Fratrik's video deposition.

## IV.     CONCLUSION

For the reasons set forth above, Circle City's Objection to Bill of Costs (Filing No. 220) and Renewed Objection to Bill of Costs (Filing No. 231) are **SUSTAINED in part and OVERRULED in part**. DISH's Bill of Costs (Filing No. 219) and Motion to Renew Bill of Costs (Filing No. 230) are **GRANTED in part and DENIED in part**, resulting in a **cost award to DISH of $8,317.80**.

**SO ORDERED**.

Date:  7/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Cyrus Mehri
MEHRI & SKALET, PLLC
cmehri@findjustice.com

Daniel A. Kirkpatrick
BAKER HOSTETLER
dkirkpatrick@bakerlaw.com

Gregory Forrest Hahn
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
ghahn@boselaw.com

John Bruster Loyd
JONES GILLASPIA LOYD LLP
bruse@jgl-law.com

Joshua Karsh
MEHRI & SKALET, PLLC
jkarsh@findjustice.com

Dylan Pittman
BARNES & THORNBURG, LLP (Indianapolis)
dylan.pittman@btlaw.com

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com